**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAGDALENE HENDERSON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 13-3510** |
| | : | |
| **CAROLYN COLVIN** | : | |
| **Acting Commissioner of** | : | |
| **Social Security,** | : | |
| **Defendant.** | : | |

**O R D E R**

Plaintiff Magdalene Henderson, proceeding on behalf of her minor son, T. H., seeks review of the Social Security Commissioner's denial of T.H.'s claim for supplemental security income. (Doc. No. 3.) The Magistrate Judge has recommended denying review, Plaintiff has objected, and Defendant has responded. (Doc. Nos. 20, 21, 23.) For the following reasons, I will overrule the objections and adopt the Report and Recommendation.

**I.      BACKGROUND**

The Social Security Administration denied T.H.'s claim for supplemental security income in early 2010. (Doc. No. 20 at 2.) Plaintiff appealed and, after a hearing in April 2011, the ALJ denied T.H.'s claim for benefits on June 22, 2011. (Id.) On June 20, 2013, Plaintiff filed a Request for Review, alleging that the ALJ made several errors in denying T.H.'s claim for benefits. (Id.)

**II.      LEGAL STANDARD**

The ALJ's decision must be upheld if it is supported by "substantial evidence." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).

I must review *de novo* each issue addressed by the Magistrate Judge to which Plaintiff has raised a timely and specific objection.  28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations."  28 U.S.C. § 636(b)(1).  It is also within my discretion to rely on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III.   DISCUSSION

Plaintiff raises four objections to the Report.

The Magistrate Judge found that substantial evidence supports the ALJ's finding that T.H. did not have a "severe" impairment other than Attention Deficit Hyperactivity Disorder. (Doc. No. 20 at 18.)  Plaintiff argues that the ALJ failed to recognize evidence of Expressive Language Disorder and Oppositional Defiant Disorder. (Doc. No. 21 at 4.)  In an October 2010 evaluation, T.H.'s care provider set out her plan to *rule-out* a mild presentation of expressive language disorder.  (Doc. No. 20 at 18.)  Speech therapy notes provided that T.H. produced sentences of adequate length, that 98% of T.H.'s speech was stutter-free, and that his intelligibility was good.  (Id. at 18.)  Only some records indicated that T.H. was diagnosed with ODD, others included no such diagnosis.  (Id. at 19.)  Moreover, evaluation records undermined the suggestion that T.H. had ODD: he was sociable, able to make friends, and his behaviors are mild in the classroom setting.  (Id.)  Accordingly, there was substantial evidence to support the ALJ's finding that T.H. did not have other severe impairments. Finally, even assuming, *arguendo*, that the ALJ erred in not recognizing that T.H. had ELP and ODD, any such error was

harmless because the ALJ found that T.H. had one severe impairment—ADHD.  (Id. at 20); Salles v. Commissioner of Social Security, 229 F. App'x. 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.").  Accordingly, I will overrule the objection.

Plaintiff objects to the Magistrate Judge's determination that substantial evidence supported the ALJ's finding that T.H. did not meet or medically equal the listing of impairments.  (Id. at 6-9.)  I agree with the Magistrate Judge that "[t]he record illustrates no marked limitations in social functioning or concentration, persistence or pace, or in any of the other areas provided for in [Listing 112.02]."  (Doc. No. 20 at 32.)  The ALJ thoroughly explained the record evidence addressing T.H.'s recorded behavioral difficulties, and appropriately found that this evidence was insufficient to show "serious interference" with T.H.'s ability to function independently, appropriately, effectively, and on a sustained basis.  (Id.); 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.00(C).  Plaintiff also argues that the ALJ erred in analyzing T.H.'s Global Assessment of Function scores.  (Doc. No. 21 at 7.)  Again, I agree with the Magistrate Judge that the ALJ properly analyzed the scores and discussed why some of the recorded GAF scores were inconsistent with other record evidence.  See Glover v. Astrue, Civ. No. 07-2601, 2008 WL 517229, at *1 (E.D. Pa. Feb. 27, 2008) (ALJ must explain why GAF scores were discounted).  Accordingly, I will overrule Plaintiff's objection.

Plaintiff objects to the Magistrate Judge's determination that the ALJ adequately explained his finding that T.H. did not functionally equal the listing of impairments.  (Doc. No. 21 at 10.)  The record reveals, however, that the ALJ adequately explained each of the six domains on which a child's functional limitations are evaluated.  (Doc. No. 20 at 32-41.)

Moreover, the ALJ appropriately summarized the medical evidence of record in concluding that T.H.'s condition did not functionally equal the listings.  Once again, because substantial evidence supports the ALJ's findings, I will overrule Plaintiff's objection.

Finally, Plaintiff argues that the ALJ improperly rejected the lay testimony of three witness—Plaintiff, Ms. Taylor, and Ms. Cook.  (Doc. No. 21 at 10.)  Once again, substantial evidence supports the ALJ's findings.  The ALJ explained in ample detail why he did not accept the testimony of Plaintiff and Ms. Taylor.  (Doc. No. 20 at 48.)  Similarly, the ALJ explained that it was difficult to reconcile Ms. Cook's hearing testimony with her prior statements that T.H. was generally well-behaved.  (Doc. No. 23 at 5.) Accordingly, I will overrule Plaintiff's objection.

* * * * * *

**AND NOW**, this 14th day of January 2015, upon consideration of Plaintiff's Request for Review, the Commissioner's Response, the Report and Recommendation of the Magistrate Judge, Plaintiff's Objection to the Report and Recommendation, and Defendant's Response, it is hereby **ORDERED** as follows:

1. Plaintiff's Objections (Doc. No. 21) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 20) is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review (Doc. No. 11) is **DENIED**;

4. The decision of the Commissioner which supplemental security income to Plaintiff is **AFFIRMED;** and

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                       **AND IT IS SO ORDERED.**

                                       */s/ Paul S. Diamond*

                                       _____

                                         Paul S. Diamond, J.